IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RYAN S.,[1]

    Claimant,

v.

KILOLO KIJAKAZI,[2]
Acting Commissioner of Social Security,

    Respondent.

No. 18 C 8174

Magistrate Judge Jeffrey T. Gilbert

**MEMORANDUM ORDER**

This matter is before the Court on Claimant's Unopposed Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. 406(b). [ECF No. 34]. For the reasons stated below, the Motion is granted.

On August 15, 2019, the Court remanded this matter to the Commissioner of Social Security for further proceedings. [ECF No. 28]. Following remand, Claimant appeared before an Administrative Law Judge who approved his claim for disability insurance benefits. On November 22, 2021, the Social Security Administration issued a Notice of Award letter and withheld twenty-five percent of Claimant's award for his past-due benefits in anticipation of a request for attorney fees. *See* [ECF No. 34-1], Exhibit A (Notice of Award). Claimant has agreed to pay his counsel twenty-five

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using his first name and the first initial of the last name.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court has substituted Acting Commissioner Kijakazi as the named defendant.

percent of all past-due benefits awarded to him, which amounts to $18,811.75. *See* [ECF No. 34-2], Exhibit B (Signed Federal Fee Agreement).

Counsel represents that he did not receive any administrative fees in this case. While counsel was awarded $5,500.00 attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, this amount was taken in its entirety to offset a federal debt owed by Claimant to the government and counsel received none of the fees previously awarded. *See* [ECF No. 34-3], Exhibit C (Treasury Offset Letter). Claimant's counsel now seeks an award of $18,811.75 for attorney fees pursuant to 42 U.S.C § 406(b). The Commissioner does not oppose counsel's request for attorney fees but cannot stipulate or agree to the award of fees because any payment will be deducted from Claimant's past due benefits and will not be composed of any agency funds.

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level as well as representation in federal court. *See* 42 U.S.C § 406(a) and (b); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Under section 406(b), a district court may award a reasonable fee to the attorney who successfully has represented a claimant in federal court, not to exceed twenty-five percent of any past-due benefits awarded to a claimant. *See* 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Reasons to reduce an award include an attorney's unjustifiable delay or if the

past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Id.*

The Court finds that counsel's request for $18,811.75 in attorney fees is reasonable and there are no reasons to reduce the amount requested. Claimant's attorney, Barry Schultz, has extensive experience in the field of social security benefits, which is his sole area of practice. His experience and efforts resulted in a positive result for Claimant, and the benefits obtained for Claimant in this case were substantial. Counsel states that he spent 28.8 hours representing Claimant in federal court. *See* [ECF No. 34-4] (See Exhibit D - Itemization of Time). Although a lodestar calculation is not determinative under *Gisbrecht*, the lodestar in this case results in an hourly rate of $653.19, which falls well below other awards that have been found reasonable and have been entered in this district.[3] The effective hourly rate for the time counsel spent pursuing this case in this court is not so high as to cause the Court to characterize it as a windfall based on the work performed, the result achieved, the attorney time spent in the litigation, and the attorneys' fees awarded in other similar cases in this district. The Court finds that an award of $18,811.75 is reasonable given the contingent nature of this case and the favorable past-due benefit award.

---

[3] *See, e.g., Evans v. Saul*, Case No. 16 C 4962 (N.D. Ill. July 12, 2019) (awarding an effective hourly rate of $1,492.21); *Zambrano v. Berryhill*, Case No. 14 C 0048 (N.D. Ill. May 30, 2017) (awarding $1,232.00 per hour); *Kirby v. Berryhill*, 2017 WL 5891059 (N.D. Ill. Nov. 29, 2017) (awarding $1,612.28 per hour); *Mathis v. Commissioner of Social Security*, 2017 WL 1483429 (W.D. Mich. Mar. 17, 2017) ($1,640.00 per hour); *Smith v. Colvin*, Case No. 14 C 3923 (N.D. Ill. Dec. 21, 2016) ($1,437 per hour); *Newman v. Colvin,* No. Case No. 13 C 6942 (N.D. Ill. Oct. 28, 2015) ($1,430.00 per hour).

For these reasons, Claimant's Unopposed Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. 406(b) [ECF No. 34] is granted, and counsel is awarded $18,811.75.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: January 10, 2021